**02D02-1909-CT-000483**

Allen Superior Court 2

Filed: 9/3/2019 11:14 AM
Clerk
Allen County, Indiana
MC

| | | |
|---|---|---|
| STATE OF INDIANA | }<br>}SS: | IN THE ALLEN SUPERIOR COURT |
| COUNTY OF ALLEN | } | CAUSE NO.: |

LAURA A. MOORE,           }
                          }
    Plaintiff,        }
                          }
-vs-                      }
                          }
CAMERON C. RIDENOUR and   }
RELIABLE RECOVERY SERVICES, }
INC.,                     }
                          }
    Defendants.       }

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff, Laura A. Moore, by counsel, Chad E. Delventhal of the DELVENTHAL LAW OFFICE LLC and for her cause of action against the Defendants, Cameron C. Ridenour and Reliable Recovery Services, Inc., hereby alleges and states as follows:

### The Parties

1. Plaintiff, Laura A. Moore ("Ms. Moore"), is an individual over the age of eighteen (18) years.

2. Defendant, Cameron C. Ridenour ("Mr. Ridenour"), upon information, is an individual over the age of eighteen (18) years and currently residing at 3939 County Road 59, Butler, Indiana 46721.

3. Defendant, Reliable Recovery Services, Inc. ("Reliable Recovery"), upon information, is a Foreign Corporation doing business in the State of Indiana with its principal place of business located at 827 Gardner Street, Joliet, IL 60433.



EXHIBIT

A

## Jurisdiction

4. This Court has jurisdiction over this matter and the parties hereto.

5. Venue is proper in this Court pursuant to the Indiana Rules of Trial Procedure, Trial Rule 75(A).

6. Venue is preferred in this Court pursuant to the Indiana Rules of Trial Procedure, Trial Rule 75(A)(1) and Trial Rule 75(A)(3).

## Count I.

7. On September 13, 2017, Ms. Moore was operating her vehicle in a safe and prudent manner traveling eastbound on West Creighton Avenue in Fort Wayne, Indiana, County of Allen.

8. On that same date, Defendant, Mr. Ridenour, was stopped at a stop sign at the intersection of Fox Avenue and West Creighton Avenue in Fort Wayne, Indiana, County of Allen.

9. Defendant, Mr. Ridenour, entered the intersection and struck the rear driver's side of Ms. Moore's vehicle.

10. At all relevant times herein, Defendant, Reliable Recovery, was the registered owner of the 2009 Chevrolet Silverado that Mr. Ridenour was operating at the time of the subject automobile collision.

11. Mr. Ridenour owed a duty to Ms. Moore to operate his vehicle in a reasonably safe and prudent manner.

12. Notwithstanding the above, Mr. Ridenour breached his duty to Ms. Moore and acted negligently, carelessly, and/or recklessly in the operation of the motor vehicle that he was driving.

2

13. As a direct and proximate result of Mr. Ridenour's negligence, carelessness, and reckless disregard for the safety of other motorists, including Ms. Moore, Mr. Ridenour's vehicle collided with Ms. Moore's vehicle, causing a violent and forceful collision.

14. As a direct and proximate result of the subject collision, occasioned by Mr. Ridenour's negligent, careless, and reckless acts or omissions, Ms. Moore sustained permanent and severe personal injuries; incurred and will incur hospital, diagnostic, surgical, therapeutic, pharmaceutical, and other medical expenses; suffered and will continue to suffer physical pain, mental suffering, terror, fright, humiliation, and loss of enjoyment of life; lost wages from his employment and loss of future earning capacity; property damage; and incurred other injuries and damages of a personal and pecuniary nature.

WHEREFORE, the Plaintiff, Laura A. Moore, respectfully requests that this Court enter Judgment in her favor, and against Defendants, Cameron C. Ridenour and Reliable Recovery Services, Inc, for any and all direct, incidental, and/or consequential damages associated with, or caused by, the Defendants actions as alleged herein, for the costs of this action, and for any and all other relief that this Court may deem to be just and proper in the premises.

3

Respectfully submitted,

DELVENTHAL LAW OFFICE LLC

/s/ Chad E. Delventhal
Chad E. Delventhal, #27809-02
Attorney for Plaintiff
803 S. Calhoun St., Ste. 200
Fort Wayne, Indiana 46802
Tel:  260-484-6655
Fax:  260-484-1166

4

**02D02-1909-CT-000483**

Allen Superior Court 2

Filed: 9/3/2019 11:14 AM
Clerk
Allen County, Indiana
MC

| | | |
|---|---|---|
| STATE OF INDIANA | } | IN THE ALLEN SUPERIOR COURT |
| | } SS: | |
| COUNTY OF ALLEN | } | CAUSE NO.: |

LAURA A. MOORE,                         }
                                        }
    Plaintiff,                   }
                                        }
                                        }   **SUMMONS:**
                                        }
-vs-                                    }
                                        }TO:  Cameron C. Ridenour.
CAMERON C. RIDENOUR and                 }     3939 County Road 59
RELIABLE RECOVERY SERVICES, Inc.,       }     Butler, IN 46721
                                        }
Defendants.                             }

You have been sued by the person(s) named above. The claim made against you is attached to this Summons; please examine all pages carefully. The "X" marked below indicated the time limit you have to **FILE YOUR ANSWER**:

    ☒ Certified Mail        You or your attorney must file a written answer to the claim **WITHIN TWENTY-THREE (23) DAYS**, commencing the day after you receive this Summons, or judgment may be entered against you as claimed.

    ☐ Personal Service     You or your attorney must file a written answer to the claim **WITHIN TWENTY (20) DAYS**, commencing the day after you receive this Summons, or judgment may be entered against you as claimed.

Your answer is considered filed the day it is received in the Office of the Clerk of the Allen Superior Court, 715 South Calhoun Street, Room 201, Fort Wayne, Indiana, 46802, (260) 449-3491. The method you choose to deliver your Answer to the Clerk's office is up to you; however, you should be able to prove that you filed the Answer. If you wish to file a claim against the other party associated with the case, you must state so in your written answer.

Dated: 9/3/2019

*Christopher M. Narcarrow* MC
Clerk, Allen Superior Court (Seal)

Attorney for Plaintiff:
Chad E. Delventhal, #27809-02
**DELVENTHAL LAW OFFICE LLC**
803 S. Calhoun St., Ste. 200
Fort Wayne, Indiana 46802
Tel: 260-484-6655 Fax: 260-484-1166



**Certified Mail**

I hereby certify, as indicated in the date issued field, that a copy of the summons and the claim were sent to the named person(s) at the address(es) furnished, by registered/certified mail at Fort Wayne, Indiana, return receipt requested.

I hereby certify that service by registered/certified mail at Fort Wayne, Indiana, was attempted as required by law to the person and address stated on the return receipt attached, and that service was made/not made, according to the information contained therein.

Date Issued:_____

Date returned:_____

_____
Clerk of Allen Circuit and Superior Court

_____
Clerk of Allen Circuit and Superior Court

**Admission of Service**

I received a copy of this Summons and the claim on this date_____ and at this location:_____

_____
Signature of Party    Relationship
(if not the within
named person)

**Return of Service by Sheriff or other Officer**

I served a copy of this Summons and the claim as specified below:    (_____)

READING/delivering a copy

(A) to the within named party;
(Z) READING OVER THE TELEPHONE to
person named/mailing a copy:

LEAVING A COPY for the within named party
(B) with the SPOUSE, named;
(C) with a RELATIVE, named;
(D) at the RESIDENCE, located at:
(E) with the EMPLOYER, named:

(F) with a SECRETARY, named;
(G) with the ATTORNEY, named;
(H) with this person (OTHER-specify):

_____

*Specify name of person, work supervisor, place of business, or location where copy was left*

_____ and (if applicable)
by sending a copy of this Summons by first-class mail to the last known address of the within name person as indicated below:

_____
(last known address of person named in the Summons (or change of address)

I did not serve the within Summons and claim because:    (_____)

(I) the party was NOT FOUND/NO SUCH ADDRESS.
(J) the document EXPIRED.
(K) the party AVOIDED service.
(L) the party REFUSED service.
(M) the party was NO LONGER EMPLOYED
at that address.
(N) the document was RETURNED BY THE
AUTHORITY OF THE PLAINTIFF.
(O) the party is DECEASED.
(P) the party was UNKOWN AT THAT ADDRESS.
(Q) the party was on SICK LEAVE/LAY OFF.

(R) the party was on VACATION.
(S) the party was NOT FOUND/VACANT.
(T) the party was NOT FOUND/MOVED.
(U) the party was NOT FOUND IN THIS BAILIWICK.
(V) INSUFFICIENT ADDRESS OR INFORMATION
WAS GIVEN.
(W) they are NO LONGER IN BUSINESS.
(X) several attempts were made/UNABLE TO SERVE.
(Y) of the following reason (OTHER-specify):

_____

I affirm, under the penalty of perjury, that the foregoing representations are true.

_____
Date served/Attempted   Time Served/Attempted

_____
Signature of Sheriff of Allen County, Indiana (or other Officer)

_____
(Printed Name of Process Server)

By:_____
(Signature of Process Server)

2

**02D02-1909-CT-000483**

Allen Superior Court 2

Filed: 9/3/2019 11:14 AM
Clerk
Allen County, Indiana
MC

| | | |
|---|---|---|
| STATE OF INDIANA | } | IN THE ALLEN SUPERIOR COURT |
| | }SS: | |
| COUNTY OF ALLEN | } | CAUSE NO.: |

| | |
|---|---|
| LAURA A. MOORE, | } |
| | } |
| Plaintiff, | } |
| | } **SUMMONS:** |
| -vs- | } |
| | }**TO:** Reliable Recovery Services, Inc. |
| CAMERON C. RIDENOUR and | } C/O Boris Jurkovic |
| RELIABLE RECOVERY SERVICES, Inc., | } 827 Gardner Street |
| | } Joliet, IL 60433 |
| Defendants. | } |

You have been sued by the person(s) named above. The claim made against you is attached to this Summons; please examine all pages carefully. The "X" marked below indicated the time limit you have to **FILE YOUR ANSWER:**

☒ Certified Mail

You or your attorney must file a written answer to the claim WITHIN TWENTY-THREE (23) DAYS, commencing the day after you receive this Summons, or judgment may be entered against you as claimed.

☐ Personal Service

You or your attorney must file a written answer to the claim WITHIN TWENTY (20) DAYS, commencing the day after you receive this Summons, or judgment may be entered against you as claimed.

Your answer is considered filed the day it is received in the Office of the Clerk of the Allen Superior Court, 715 South Calhoun Street, Room 201, Fort Wayne, Indiana, 46802, (260) 449-3491. The method you choose to deliver your Answer to the Clerk's office is up to you; however, you should be able to prove that you filed the Answer. If you wish to file a claim against the other party associated with the case, you must state so in your written answer.

Dated: 9/3/2019

_Christopher M. Varcarrov_ MC
Clerk, Allen Superior Court (Seal)

Attorney for Plaintiff:
Chad E. Delventhal, #27809-02
**DELVENTHAL LAW OFFICE LLC**
803 S. Calhoun St., Ste. 200
Fort Wayne, Indiana 46802
Tel: 260-484-6655 Fax: 260-484-1166

SEAL
INDIANA
ALLEN COUNTY CLERK

**Certified Mail**

I hereby certify, as indicated in the date issued field, that a copy of the summons and the claim were sent to the named person(s) at the address(es) furnished, by registered/certified mail at Fort Wayne, Indiana, return receipt requested.

I hereby certify that service by registered/certified mail at Fort Wayne, Indiana, was attempted as required by law to the person and address stated on the return receipt attached, and that service was made/not made, according to the information contained therein.

Date Issued:_____              Date returned:_____

_____                  _____
Clerk of Allen Circuit and Superior Court    Clerk of Allen Circuit and Superior Court

**Admission of Service**
I received a copy of this Summons and the claim on this date_____ and at this location:_____

_____
Signature of Party   Relationship
(if not the within
named person)

**Return of Service by Sheriff or other Officer**
I served a copy of this Summons and the claim as specified below:   (_____)

READING/delivering a copy

(A) to the within named party;
(Z) READING OVER THE TELEPHONE to person named/mailing a copy:

LEAVING A COPY for the within named party
(B) with the SPOUSE, named;
(C) with a RELATIVE, named;
(D) at the RESIDENCE, located at:
(E) with the EMPLOYER, named:

(F) with a SECRETARY, named;
(G) with the ATTORNEY, named;
(H) with this person (OTHER-specify)

*Specify name of person, work supervisor, place of business, or location where copy was left*

_____ and (if applicable)
by sending a copy of this Summons by first-class mail to the last known address of the within name person as indicated below:

_____
(last known address of person named in the Summons (or change of address)

I did not serve the within Summons and claim because: (_____)

(I) the party was NOT FOUND/NO SUCH ADDRESS.
(J) the document EXPIRED.
(K) the party AVOIDED service.
(L) the party REFUSED service.
(M) the party was NO LONGER EMPLOYED at that address.
(N) the document was RETURNED BY THE AUTHORITY OF THE PLAINTIFF.
(O) the party is DECEASED.
(P) the party was UNKOWN AT THAT ADDRESS.
(Q) the party was on SICK LEAVE/LAY OFF.

(R) the party was on VACATION.
(S) the party was NOT FOUND/VACANT.
(T) the party was NOT FOUND/MOVED.
(U) the party was NOT FOUND IN THIS BAILIWICK.
(V) INSUFFICIENT ADDRESS OR INFORMATION WAS GIVEN.
(W) they are NO LONGER IN BUSINESS.
(X) several attempts were made/UNABLE TO SERVE.
(Y) of the following reason (OTHER-specify):

_____

I affirm, under the penalty of perjury, that the foregoing representations are true.

_____              _____
Date served/Attempted   Time Served/Attempted    Signature of Sheriff of Allen County, Indiana (or other Officer)

_____              By:_____
(Printed Name of Process Server)          (Signature of Process Server)

2

**02D02-1909-CT-000483**

Allen Superior Court 2

Filed: 9/3/2019 11:14 AM
Clerk
Allen County, Indiana
MC

| | | |
|---|---|---|
| STATE OF INDIANA | } | IN THE ALLEN SUPERIOR COURT |
| | }SS: | |
| COUNTY OF ALLEN | } | CAUSE NO.: |

LAURA A. MOORE,  }

    Plaintiff,  }

-vs-  }

CAMERON C. RIDENOUR and  }
RELIABLE RECOVERY SERVICES,  }
INC.,  }

    Defendants.  }

## JURY DEMAND

    Comes now the Plaintiff, Laura A. Moore, by counsel, Chad E. Delventhal of the DELVENTHAL LAW OFFICE LLC, and demands trial by jury against the Defendants on all issues set forth in this cause of action.

Respectfully submitted,

DELVENTHAL LAW OFFICE LLC

/s/ Chad E. Delventhal
Chad E. Delventhal, #27809-02
Attorney for Plaintiff
803 S. Calhoun St., Ste. 200
Fort Wayne, Indiana 46802
Tel: 260-484-6655
Fax: 260-484-1166

**02D02-1909-CT-000483**

Allen Superior Court 2

| | | |
|---|---|---|
| STATE OF INDIANA | } | IN THE ALLEN SUPERIOR COURT |
| | } SS: | |
| COUNTY OF ALLEN | } | CAUSE NO.: |

LAURA A. MOORE,

    Plaintiff,

-vs-

CAMERON C. RIDENOUR and
RELIABLE RECOVERY SERVICES,
INC.,

    Defendants.

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

1.  The party on whose behalf this form is being filed is:
    ☒ Initiating    ☐ Responding    ☐ Intervening; and

    The undersigned attorney and all attorneys listed on this form now appear in this case for the following parties: Laura A. Moore

2.  Attorney information for service as required by Trial Rule 5(B)(2)

    | | |
    |---|---|
    | Name: | Chad E. Delventhal |
    | Attorney No.: | 27809-02 |
    | Firm: | Delventhal Law Office LLC |
    | Address: | 803 S. Calhoun St., Suite 200, Fort Wayne, IN 46802 |
    | Telephone/Fax: | T. (260) 484-6655  F. (260) 484-1166 |
    | E-mail: | chad@delventhal-law.com |

    **IMPORTANT:** Each attorney specified on this appearance:
    a)  certifies that contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;
    b)  **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney; and**
    c)  understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

Attorneys can review and update their Roll of Attorneys contact information on the

Courts Portal at http://portal.courts.in.gov.

3. This is a <u>Civil Tort</u> case type as defined in administrative Rule 8(B)(3).

4. This case involves child support issues. ☐ Yes ☒ No

5. This case involves a protection from abuse order, a workplace violence restraining order, or a no – contact order. ☐ Yes ☒ No

6. This case involves a petition for involuntary commitment. ☐ Yes ☒ No

7. If Yes above, provide the following regarding the individual subject to the petition for involuntary commitment: N/A

8. There are related cases: ☐ Yes ☒ No *(If yes, list on continuation page)*

9. Additional information required by local rule: N/A

10. There are other party members: ☐ Yes ☒ No *(If yes, list on continuation page)*

11. This form has been served on all other parties and Certificate of Service is attached: ☒ Yes ☐ No

/s/ Chad E. Delventhal

Chad E. Delventhal, #27809-02

Filed: 12/9/2019 11:03 AM
Clerk
Allen County, Indiana
TG

STATE OF INDIANA     )      IN THE ALLEN SUPERIOR COURT
                 ) SS:
COUNTY OF ALLEN     )      CAUSE NO. 02D02-1909-CT-000483

LAURA A. MOORE,           )
                         )
         Plaintiff,         )
                         )
     v.                    )
                         )
CAMERON C. RIDENOUR and     )
RELIABLE RECOVERY SERVICES,     )
INC.,                          )
                         )
         Defendants.     )

## E-FILING APPEARANCE BY ATTORNEY IN CIVIL CASE

**Party Classification:**  Initiating____Responding__X__Intervening _____

1.     The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):

            **DEFENDANTS, Cameron C. Ridenour and**
                 **Reliable Recovery Services, Inc.**

2.     Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

Name: Keith A. Gaston, Esq.         Atty. Number: 7069-49
Name: Bruce D. Jones, Esq.          Atty. Number: 28624-29
Name: Bradley D. Owen, Esq.       Atty. Number: 32711-32
Name: Rachel O. Webster, Esq.      Atty. Number: 34251-49
Address: Cruser, Mitchell, Novitz,    Phone: (317) 816-0300
Sanchez, Gaston & Zimet, LLP      FAX:  (317) 816-1604
3077 E. 98th Street, Suite 280      E-Mail:  kgaston@cmlawfirm.com
Indianapolis, IN 46280           bjones@cmlawfirm.com
                                   bowen@cmlawfirm.com
                                   rwebster@cmlawfirm.com

**IMPORTANT**:  Each attorney specified on this appearance:

(a)     certifies that the contact information listed for him/her on the Indiana Supreme Court Roll of Attorneys is current and accurate as of the date of this Appearance;

(b)     **acknowledges that all orders, opinions, and notices from the court in this matter that are served under Trial Rule 86(G) will be sent to the attorney at**

(c)  **the email address(es) specified by the attorney on the Roll of Attorneys regardless of the contact information listed above for the attorney**; and understands that he/she is solely responsible for keeping his/her Roll of Attorneys contact information current and accurate, see Ind. Admis. Disc. R. 2(A).

3.  This is a CT case type as defined in Administrative Rule 8(B)(3).

4.  This case involves child support issues. Yes__ No X

5.  There are other party members:  Yes__ No_X

6.  This case involves support issues. Yes__ No X

7.  There are related cases: Yes__ No_X

8.  This form has been served on all other parties. Certificate of Service is attached: Yes No_X_

9.  Additional information required by local rule:

Respectfully submitted,

CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP

/s/ Keith A. Gaston, Esq.
Keith A. Gaston, Esq., #7069-49

/s/ Bruce D. Jones, Esq.
Bruce D. Jones, Esq., #28624-29

/s/ Bradley M. Owen, Esq.
Bradley M. Owen, Esq., #32711-32

/s/ Rachel O. Webster, Esq.
Rachel O. Webster, Esq., #34251-49

*Counsel for Defendants, Cameron C. Ridenour and Reliable Recovery Services, Inc.*

3077 E. 98th Street, Suite 280
Indianapolis, IN 46280
(317) 816-0300
(317) 816-1604 (fax)
kgaston@cmlawfirm.com
bjones@cmlawfirm.com
bowen@cmlawfirm.com
rwebster@cmlawfirm.com

## CERTIFICATE OF SERVICE

I certify that on December 9, 2019, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS).

I also certify that on December 9, 2019 the foregoing document was served upon the following person via IEFS.

Chad E. Delventhal, Esq.
DELVENTHAL LAW OFFICE LLC
803 S. Calhoun Street, Suite 200
Fort Wayne, IN 46802

/s/ Rachel O. Webster, Esq.

STATE OF INDIANA      )        IN THE ALLEN SUPERIOR COURT
                          ) SS:
COUNTY OF ALLEN      )        CAUSE NO. 02D02-1909-CT-000483

LAURA A. MOORE,                )
                                )
          Plaintiff,             )
                                )
    v.                                )
                                )
CAMERON C. RIDENOUR and       )
RELIABLE RECOVERY SERVICES,    )
INC.,                               )
                                )
          Defendants.         )

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT FOR DAMAGES

Defendants, Cameron C. Ridenour and Reliable Recovery Services, Inc. (hereinafter "Defendants"), by counsel, for their Answer and Affirmative Defenses to Plaintiff's Complaint for Damages, state as follows:

### The Parties

1.      Upon information and belief, Defendants admit the material allegations of rhetorical paragraph 1 of Plaintiff's Complaint for Damages.

2.      Defendants admit that portion of the material allegations contained in rhetorical paragraph 2 of Plaintiff's Complaint for Damages which avers that Defendant Cameron C. Ridenour is an individual over the age of eighteen (18) years. Defendants deny the remaining material allegations contained in rhetorical paragraph 2 of Plaintiff's Complaint for Damages.

3.      Defendants admit that portion of the material allegation contained in rhetorical paragraph 3 of Plaintiff's Complaint for Damages which aver that Defendant Reliable Recovery Services, Inc. is a foreign corporation doing business in the State of Indiana. Defendants deny the

remaining material allegations contained in rhetorical paragraph 3 of Plaintiff's Complaint for Damages.

## Jurisdiction

4.      The material allegations contained in rhetorical paragraph 4 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required. To the extent further response is contemplated, Defendants admit the material allegations of rhetorical paragraph 4 of Plaintiff's Complaint for Damages; however, Defendants specifically deny any liability to Plaintiff for the incident, injuries and damages alleged in Plaintiff's Complaint for Damages.

5.      The material allegations contained in rhetorical paragraph 5 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required. To the extent further response is contemplated, Defendants admit the material allegations of rhetorical paragraph 5 of Plaintiff's Complaint for Damages; however, Defendants specifically deny any liability to Plaintiff for the incident, injuries and damages alleged in Plaintiff's Complaint for Damages.

6.      The material allegations contained in rhetorical paragraph 6 of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required. To the extent further response is contemplated, Defendants admit the material allegations of rhetorical paragraph 6 of Plaintiff's Complaint for Damages; however, Defendants specifically deny any liability to Plaintiff for the incident, injuries and damages alleged in Plaintiff's Complaint for Damages.

{Firm/30059/00071/02345417.DOCX }

## Count I

7.      Defendants admit those portions of the material allegations contained in rhetorical paragraph 7 of Count I of Plaintiff's Complaint for Damages which aver that on September 13, 2017, Plaintiff was traveling eastbound on West Creighton Avenue in Fort Wayne, Allen County, Indiana. Defendants deny the remaining portions of rhetorical paragraph 7 of Count I and further specifically deny any liability to Plaintiff for the incident, injuries and damages alleged in Plaintiff's Complaint for Damages.

8.      Defendants admit the material allegations contained in rhetorical paragraph 8 of Count I of Plaintiff's Complaint for Damages; however, Defendants specifically deny any liability to Plaintiff for the incident, injuries and damages alleged in Plaintiff's Complaint for Damages.

9.      Defendants admit that on September 13, 2017, a collision occurred between the vehicle being operated by Plaintiff Laura A. Moore and the vehicle being operated by Defendant Cameron C. Ridenour in the intersection of Fox Avenue and West Creighton Avenue in Fort Wayne, Allen County, Indiana. To the extent further response is contemplated, Defendants deny any liability to Plaintiff for the incident, injuries and damages alleged in Plaintiff's Complaint for Damages.

10.     Defendants admit the material allegations of rhetorical paragraph 10 of Count I of Plaintiffs Complaint for Damages.

11.     The material allegations of rhetorical paragraph 11 of Count I of Plaintiff's Complaint for Damages constitute legal conclusions to which no response is required. However, to the extent further response is contemplated, Defendants admit that vehicle operators owe those

3

duties prescribed by law. Defendants further specifically deny any liability to Plaintiff for the incident, injuries and damages alleged in Plaintiff's Complaint for Damages.

      12.     Defendants deny the material allegations of rhetorical paragraph 12 of Count I of Plaintiff's Complaint for Damages and further specifically deny any liability to Plaintiff for the incident, injuries and damages alleged in Plaintiff's Complaint for Damages.

      13.     Defendants deny the material allegations of rhetorical paragraph 13 of Count I of Plaintiff's Complaint for Damages and further specifically deny any liability to Plaintiff for the incident, injuries and damages alleged in Plaintiff's Complaint for Damages.

      14.     Defendants deny the material allegations of rhetorical paragraph 14 of Count I of Plaintiff's Complaint for Damages and further specifically deny any liability to Plaintiff for the incident, injuries and damages alleged in Plaintiff's Complaint for Damages.

      WHEREFORE, Defendants Cameron C. Ridenour and Reliable Recovery Services, Inc., by counsel, respectfully request that the Court enter judgment in their favor and against the Plaintiff on all counts and claims of Plaintiff against Defendants in Plaintiff's Complaint for Damages, for their costs in this action, and for all other relief just and proper in the premises.

## AFFIRMATIVE DEFENSES

      Defendants, Cameron C. Ridenour and Reliable Recovery Services, Inc., by counsel, for their affirmative defenses to Plaintiff's Complaint for Damages, state as follows:

      1.     Any paragraph not specifically admitted or denied herein is hereby denied.

      2.     Plaintiff is barred from recovery because the contributory fault of Plaintiff Laura A. Moore exceeds fifty percent (50%) of the total fault of all persons or entities whose fault proximately contributed to Plaintiff's alleged injuries and damages.

4

3.     If it is determined that Defendants were negligent in a manner which either caused or contributed to Plaintiff's alleged damages and that the negligence of Plaintiff Laura A. Moore does not exceed fifty percent (50%) of the total fault of all persons or entities whose fault proximately contributed to Plaintiff's alleged damages, then such damages should be reduced by an amount proportional to the negligence of Plaintiff Laura A. Moore.

4.     The incident, injuries and damages alleged in Plaintiff's Complaint were caused solely by or contributed to by the acts, omissions and conduct of Plaintiff, Laura A. Moore, and/or currently unknown non-parties, as yet unidentified, over whom Defendants had no control.

5.     Plaintiff may have already been compensated for her alleged damages by other sources and Defendants would be entitled to credit or set-off for any such sums in accordance with the Indiana Collateral Source Rule.

6.     Plaintiff may have failed to mitigate her damages, if any.

7.     The injuries and damages alleged in Plaintiff's Complaint for Damages were the result of and/or caused by medical conditions which have no relation to the incident alleged in Plaintiff's Complaint for Damages.

8.     Defendants, Cameron C. Ridenour and Reliable Recovery Services, Inc., by counsel, reserve the right to supplement their affirmative defenses in this matter upon discovery and upon appropriate notice to the parties.

### REQUEST FOR TRIAL BY JURY

Defendants, Cameron C. Ridenour and Reliable Recovery Services, Inc., by counsel, pursuant to Trial Rule 38(B) of the Indiana Rules of Trial Procedure, hereby respectfully request a trial by jury as to all issues triable by jury.

5

Respectfully submitted,

CRUSER, MITCHELL, NOVITZ, SANCHEZ,
GASTON & ZIMET, LLP


/s/ Rachel O. Webster, Esq.
Keith A. Gaston, Esq., #7069-49
Bruce D. Jones, Esq., #28624-29
Bradley M. Owen, Esq., #32711-32
Rachel O. Webster, Esq., #34251-49

*Counsel for Defendants, Cameron C. Ridenour and
Reliable Recovery Services, Inc.*

3077 E. 98th Street, Suite 280
Indianapolis, IN 46280
(317) 816-0300
(317) 816-1604 (fax)
kgaston@cmlawfirm.com
bjones@cmlawfirm.com
bowen@cmlawfirm.com
rwebster@cmlawfirm.com

## CERTIFICATE OF SERVICE

I certify that on December 9, 2019, I electronically filed the foregoing document using the Indiana E-Filing System (IEFS).

I also certify that on December 9, 2019 the foregoing document was served upon the following person via IEFS.


Chad E. Delventhal, Esq.
DELVENTHAL LAW OFFICE LLC
803 S. Calhoun Street, Suite 200
Fort Wayne, IN 46802


/s/ Rachel O. Webster, Esq.

{Firm/30059/00071/02345417.DOCX }

| STATE OF INDIANA | ) | | IN THE ALLEN SUPERIOR COURT |
|---|---|---|---|
| | ) | SS: | |
| COUNTY OF ALLEN | ) | | CAUSE NO. 02D02-1909-CT-000483 |

LAURA A. MOORE, Plaintiff,                    )
                                              )
                                              )
vs                                            )
                                              )
                                              )
CAMERON C. RIDENOUR and
RELIABLE RECOVERY SERVICES INC., Defendants   )

## NOTICE OF INTENT TO HOLD A HOSPITAL LIEN

     Parkview Hospital, Inc. ("Parkview"), having satisfied the requirements for perfecting its lien as set forth in Indiana Code §32-33-4-4, requests that Parkview's intention to hold a hospital lien on any judgment rendered in this action with respect to Laura Moore in the amount of Eleven Thousand, One Hundred and Sixty-six Dollars & 52/100 ($11,166.52), be entered on the judgment docket, including the amount claimed, not later than the date on which the judgment is rendered in accordance with Indiana Code §32-33-4-4.

                    Respectfully submitted,

                    **Parkview Hospital, Inc.**

                    /s/ Marie M. Kolp

                    Marie Kolp, Attorney #26863-02
                    Parkview Health System, Inc.
                    10501 Corporate Drive
                    Fort Wayne, Indiana 46845
                    260-373-7100
                    marie.kolp@parkview.com
                    Attorney for Lienholder, Parkview Hospital, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of December 2019, the foregoing document, *Notice of Intent to Hold a Hospital Lien,* was filed with the Clerk of the Allen County Superior Court by electronic filing through the Indiana E-Filing System. The foregoing *Notice of Intent to Hold a Hospital Lien,* was also served electronically through IEFS to the following counsel of record:

Keith Gaston  kgaston@cmlawfirm.com
Bruce Jones  bjones@cmlawfirm.com
Brad Owen bowen@cmlawfirm.com
Rachel O. Webster rwebster@cmlawfirm.com

/s/ Marie M. Kolp
Marie Kolp, Legal Counsel Attorney #26863-02
Parkview Health System, Inc.
10501 Corporate Drive
Fort Wayne, Indiana 46845
260-373-7100
marie.kolp@parkview.com
Attorney for Lienholder, Parkview Hospital, Inc.



STATE OF INDIANA )     ALLEN SUPERIOR COURT
                ) SS:
COUNTY OF ALLEN )     CAUSE NO. 02D02-1909-CT-483

LAURA A. MOORE,          )
    Plaintiff,            )
                ) **CASE MANAGEMENT ORDER and**
vs.                 ) **NOTICE TO MEDIATOR AND**
                ) **PARTIES**
CAMERON C. RIDENOUR and    )
RELIABLE RECOVERY         )
SERVICES, INC.,           )
    Defendants.          )

## CASE MANAGEMENT ORDER

Plaintiff appears by attorney Chad Delventhal. Defendants appear telephonically by attorney Rachel Webster. A Case Management Conference is conducted on January 30, 2020. The Court now issues this Order.

1.   The parties do not challenge subject matter jurisdiction and personal jurisdiction at this time.

2.   This matter is Ordered to mediation. Attorney **Kevin Fitzharris** is appointed as mediator. Absent leave of Court, mediation must occur prior to the Pre-trial Conference set below.

3.   This case shall be tried to the Jury.

4.   The Pre-Trial Conference is scheduled for **October 13, 2020, at 11:30 a.m.** in **Room 316**. If this matter has not gone through mediation, the Pre-Trial Conference shall be considered a Status Hearing and no trial settings will be given, or counsel may request the Court reschedule the Pre-Trial Conference.

5.   Each party shall be represented at the Pre-Trial Conference by at

least one attorney who shall hereafter participate actively in the trial of the action and who, in attending the Conference, shall be possessed of information, data, documents, writings, things, and authority adequate for responsible and effective participation in it for all of its purposes. **Counsel shall personally appear at the Pre-trial Conference. Telephonic participation is not permitted absent good cause shown**.

6.   The parties are Ordered to file Statement of Contentions, Preliminary List of Witnesses, and Preliminary List of Exhibits on or before October 6, 2020.

## NOTICE TO MEDIATOR AND PARTIES

1.   Attorney **Kevin Fitzharris** is appointed as mediator in this cause.

2.   The mediator shall:

   2.1   Inform the parties of the anticipated cost of mediation.
   2.2   Define and describe the process of mediation to the parties.
   2.3   Notify the parties at least ten (10) days in advance of a time, date, and location of the place for mediation unless the parties agree to a shorter time period.

3.   The Court or the mediator shall determine the individuals who shall be present at any mediation session.

4.   All parties, their attorneys, representatives with full settlement authority, and other individuals necessary for resolution of all disputed issues shall be present at each mediation conference unless excused by the mediator or the Court.

5.   Mediation sessions are not open to the public.

6.   At least 7 days prior to the mediation conference, the attorney for each side shall submit to the mediator a Confidential Statement of the Case, not to exceed 10 pages. It shall include:

6.1   The legal and factual contentions of the respective parties as to both liability and damages;

6.2   The factual and legal impediments to settlement; and

6.3   The status of the settlement negotiations to date.

The confidential statement may be supplemented upon request of the mediator to both parties.

7.   All attorneys and parties shall cooperate with the instructions and requests of the mediator.

8.   The mediator shall return all materials to the submitting attorney or individual at the time of filing the report of mediation.

9.   The mediator shall file a report with the Court not later than 90 days from the date the mediator was selected informing the Court of the status of the mediation process.

10.   Report of Mediation:

10.1   If the parties do not reach an agreement as to any matter as a result of mediation, the mediator shall report the lack of any agreement to the Court without any comment or recommendation.

10.2   If an agreement is reached, the mediator shall promptly report the fact of the agreement to the Court; and the agreement shall be reduced to writing and signed by the parties. If the agreement is complete on all issues, it shall be accompanied by a joint stipulation and recommendation of disposition.

January 31, 2020

_____
JUDGE CRAIG J. BOBAY

| | | |
|---|---|---|
| **STATE OF INDIANA** | ) | **IN THE ALLEN SUPERIOR COURT** |
| | ) SS: | |
| **COUNTY OF ALLEN** | ) | **CAUSE NO.  02D02-1909-CT-000483** |

LAURA A. MOORE,                                      )
                                                                     )
    Plaintiff,                                            )
                                                                     )
v.                                                                   )
                                                                     )
CAMERON C. RIDENOUR and                    )
RELIABLE RECOVERY SERVICES,             )
INC.,                                                             )
                                                                     )
    Defendant.                                         )

## INTERIM REPORT OF MEDIATOR

Mediation in this case has been scheduled to take place on Wednesday, June 24, 2020 commencing at 1:00 p.m.  The undersigned will report to this Court thereafter as to whether settlement is achieved.  Many thanks for the appointment!

BARRETT McNAGNY LLP


Dated: 2/19/2020

/s/ Kevin K. Fitzharris
Kevin K. Fitzharris, #15425-02
215 East Berry Street
P.O. Box 2263
Fort Wayne, IN 46801-2263
(260) 423-9551
E-mail: kkf@barrettlaw.com

Copies to:
Chad E. Delventhal, Esq.
DELVENTHAL LAW OFFICE LLC
803 S. Calhoun St., Suite 200
Fort Wayne, IN 46802

Keith A. Gaston, Esq.
Bruce D. Jones, Esq.
Bradley M. Owen, Esq.
Rachel O Webster, Esq.
CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET, LLP
3077 E. 98TH Street 280
Indianapolis, IN  46280


Page **1** of **1**

2541728